IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIJIBHOY J. PATEL, et al.,

Plaintiffs, No. CIV S-99-1275 RRB EFB PS

vs.

DAMERON HOSPITAL, et al.,

Defendants. ORDER DENYING STAY

_________________________________/

This case, in which plaintiffs are proceeding *in propria persona*, is before the undersigned pursuant to Local Rule 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1).

This action was stayed on April 23, 2002, by order of the previously assigned magistrate judge due to the pendency of plaintiffs' bankruptcy proceedings. On October 2, 2007, plaintiffs filed a notice with the court that the bankruptcy proceedings were no longer pending, and requested permission to proceed with discovery. Plaintiffs requested a discovery conference, which they noticed for hearing on October 24, 2007. Given the long period of inaction in this case, the court ordered the parties to submit status reports to the court, and a conference was held on November 14, 2007. At the conference, the case's status was discussed and the court indicated its intention to revisit the findings and recommendations previously filed by Magistrate Judge Peter A. Nowinski (Ret.), which recommended dismissal as to several defendants, and to

consider the pending Rule 12(b)(6) motions.

The matter was submitted, and in the interim, plaintiffs have filed two *ex parte* requests to stay this action. Plaintiffs request a stay so that defense counsel can consider plaintiffs' offer to settle the case, and so that plaintiffs can find an attorney who will accept this case on a contingency basis. Plaintiffs also indicate that they will be traveling in India during January 2008.

Defendants Dameron Hospital Association, Meherji Oshtory, M.D., Luis Arismendi, M.D., Steven Laviola, M.D., Grewal, David Judge, M.D., Fram Buhari, M.D., Alvin Cacho, M.D., and Chen Liem, M.D., have filed objections to the first *ex parte* request to stay the action.[1] They cite plaintiffs' more than year-long delay in notifying the court that the bankruptcy proceedings had concluded, and argue that further delay is unnecessary in light of this court's forthcoming findings and recommendations.

"A district court has discretionary power to stay proceedings in its own court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A court must weigh the competing interests which will be affected by ruling on the stay. *Id.*, at 1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)).

> Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.*, at 1110 (quoting *CMAX, Inc.*, 300 F.2d at 268).

Plaintiffs have made no showing that they would suffer a hardship or inequity should the court proceed to issue findings and recommendations on the motions to dismiss submitted more than seven years ago. For this reason, and in light of the already long delay that has plagued this

[1] The first and second requests are identical.

case (due, in part, to plaintiffs' failure to timely advise the court that the bankruptcy proceedings had concluded), the court finds no good cause for imposing another stay. Accordingly, the request for a stay is denied. The court's decision on the pending motions to dismiss will be forthcoming in separately filed findings and recommendations.

SO ORDERED.

DATED: January 31, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE