IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIJIBHOY J. PATEL, et al.,

    Plaintiffs,                                    No. CIV S-99-1275 RRB EFB PS

    vs.

DAMERON HOSPITAL, et al.,                  <u>FINDINGS AND RECOMMENDATIONS</u>

    Defendants.

_____/

    This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned pursuant to Local Rule 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). Presently before the court are various defense motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6). The magistrate judge previously assigned to this case issued findings and recommendations as to those motions. However, before the district judge could consider those findings and recommendations, the court learned that plaintiffs had filed on March 22, 2000, a petition for bankruptcy. *See* September 13, 2001, Order (doc. no. 93); 11 U.S.C. § 362(A). This case was subject to the automatic bankruptcy stay and no further action was taken as to these pending motions. Plaintiffs were unsuccessful in their attempts to have the trustee abandon the interest in this claim during the pending bankruptcy proceedings and a lift stay order was never obtained from the bankruptcy court authorizing plaintiffs to proceed on the claims in this case.

1

*See* September 13, 2001, Order, and April 23, 2002, Order (doc. no. 100). Accordingly, the action remained stayed pending final resolution of plaintiffs' bankruptcy.

Significantly here, the previously assigned magistrate judge ordered plaintiffs to notify the court within ten days of the close of their bankruptcy proceeding, and cautioned that failure to do so could result in a dismissal for failure to prosecute. *See* September 13, 2001, Order (doc. no. 93). Plaintiffs failed to comply with that order. Instead, on October 2, 2007, plaintiffs filed a request to commence the "full deposition and discovery process" in this case. Given the long period of inaction, the court held a status conference on November 14, 2007, at which Bruce Shaffer appeared on behalf of defendants Dameron Hospital Association, Meherji Oshtory, Luis Arismendi, Steven Laviola, Grewal, David Judge, Fram Buhari, Alvin Cacho, and Chen Liem (collectively referred to as the "Dameron defendants"). William Wallace appeared on behalf of defendant John Blomberg, and Philip Carey appeared on behalf of defendant Camille Green.[1] Plaintiffs Jijibhoy J. Patel, and his wife, Silloo J. Patel, appeared on behalf of themselves.

At the hearing, the court indicated it would review the record and revisit the findings and recommendations issued by the previously assigned magistrate judge. Accordingly, the undersigned took the motions addressed in those findings and recommendations under submission. The court has considered those motions, the previously issued findings and recommendations and the entire record in this case. *See* Local Rule 78-230(h). For the reasons set forth below, the court recommends that this action be dismissed.

////
////
////
////
////

---

[1] During the stay, defendant Larry Gray was dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(i). *See* doc. no. 115.

2

## I. BACKGROUND

This case is proceeding on the first amended complaint, filed October 29, 1999.[2] Plaintiffs are Jijibhoy J. Patel, M.D., and his wife, Silloo J. Patel. Dr. Patel, a cardiologist, used to work in connection with the Dameron Hospital Association ("Dameron") in San Joaquin County. Plaintiffs initiated this action in 1999, alleging antitrust violations and various state law claims against Dameron and several individual defendants.

In brief, plaintiffs allege that defendants conspired to oust Dr. Patel from his cardiology practice by covertly investigating Dr. Patel's cases, "snatching away" his patients, and using their official positions at Dameron to "bring about an illegal end for [*sic*] plaintiff's trade." First Amended Complaint ("FAC"), 7:4-27; 10:10-27. Plaintiffs allege that defendants revoked Dr. Patel's various hospital privileges, disparaged him to his patients, and otherwise excluded him from working at Dameron, thereby preventing him from practicing his trade as a cardiologist. *See* FAC, 15:14-27; 18:6-8. Plaintiffs also appear to allege that defendant Buhari "planted" a secretary, Camille Green, in Dr. Patel's office in order to sabotage his practice. Plaintiffs allege that Ms. Green and defendant Larry Gray, an accountant, were somehow responsible for the circumstances giving rise to plaintiffs' convictions and subsequent incarceration in 1993 for tax law violations. FAC, 10:20-11:6; 28:11-28. Dr. Patel alleges that as a result of the conspiracy by defendants, he was forced to resign from Dameron in 1995.

On February 7, 2000, the Dameron defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), and moved in the alternative for a more definite statement pursuant to Rule 12(e). Defendants Green, Gray and Blomberg also filed motions to dismiss pursuant to Rule 12(b)(5). On June 23, 2000, the previously assigned magistrate judge, Judge

---

[2] These findings and recommendations – as well as those filed by the previously assigned magistrate judge – address the "first amended complaint" filed by plaintiffs on October 29, 1999. The docket shows that plaintiffs filed a "first amended complaint" again in April 2000. As noted by the previously assigned magistrate judge, this was merely a "refiling" of the first amended complaint lodged in October 1999. *See* June 23, 2000, Findings and Recommendations, 2:7-23.

3

Peter A. Nowinksi (Ret.), issued findings and recommendations recommending that all Dameron defendants except Drs. Buhari, Cacho and Liem be dismissed pursuant to Rule 12(b)(5). *See* June 23, 2000, Findings and Recommendations, 4:10-24; 9:12-17. Judge Nowinski noted that plaintiffs did not include Drs. Buhari, Cacho, and Liem in the original complaint, but added them to the amended complaint, and that plaintiffs' filing of those doctors' waivers constituted compliance with Rule 4(m) because it occurred within 120 days of the filing of the amended complaint. *Id.* He found that service as to the remaining defendants did not comply with Rule 4(m), and therefore recommended dismissal on that basis. He further recommended that defendants Green, Gray and Blomberg also be dismissed for failure to effect timely service of process. *Id.*, 10:10-13.

Judge Nowinski granted the Dameron defendants' Rule 12(e) motion, deferring determination of their Rule 12(b)(6) motion until plaintiffs filed an affidavit clarifying their claims against Drs. Cacho, Liem, and Buhari. *Id.*, 11:15-12:3. Judge Nowinski admonished plaintiffs that failure to file the affidavit in accordance with that order would result in a recommendation that the action be dismissed.

In their subsequently filed affidavit, plaintiffs revealed that they had filed for bankruptcy and that the proceedings were then still pending.

In an order dated September 13, 2001, Judge Nowinski explained that plaintiff's bankruptcy petition triggered an automatic stay pursuant to 11 U.S.C. § 362(a), and ordered plaintiff's to notify the court within ten days of the close of their bankruptcy proceedings.[3] Plaintiffs attempted to litigate this case despite the pending bankruptcy. Accordingly, on April 23, 2002, the court ordered that the action remained stayed pending final resolution of plaintiffs' bankruptcy.

---

[3] Plaintiffs attempted to litigate this case despite the pending bankruptcy proceedings, but failed to establish that the interest in this litigation had been abandoned by the estate. *See* April 23, 2002, Order.

1  Judge Nowinski ordered plaintiffs to notify the court within 10 days of the close of their
2  bankruptcy proceedings, and cautioned that a failure to do so could result in a dismissal of the
3  action for failure to prosecute. *See* September 13, 2001, Order.
4  On October 2, 2007, plaintiffs filed a notice with the court that the bankruptcy
5  proceedings were no longer pending, and requested the court's assistance in convening a
6  discovery conference. Plaintiffs noticed this request for hearing on October 24, 2007. Given the
7  long period of inaction in this case, the court ordered the parties to submit status reports, and a
8  conference was held on November 14, 2007. At the hearing, it was determined that the
9  bankruptcy proceedings had concluded in or around May 2006. Plaintiffs could offer no
10 meaningful explanation as to why they waited until October 2, 2007, to notify the court of this
11 fact.

## II. DISCUSSION

### A. Rule 12(b)(5) Motions

The Dameron defendants and defendants Green, Gray and Blomberg previously filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(5). On June 23, 2000, Judge Nowinski issued findings and recommendations recommending that all defendants except Drs. Buhari, Cacho and Liem be dismissed pursuant to Rule 12(b)(5). *See* Findings and Recommendations, 4:10-24; 9:12-17; 10:10-13.

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a motion to dismiss for insufficiency of service of process. If service of process is not accomplished within 120 days of filing an action, a court is empowered to dismiss the action. *English v. Krubsack*, 371 F. Supp. 2d 1198, 1201 (E.D. Cal. 2005) (citations omitted); Fed. R. Civ. P. 4(m).

If plaintiff fails to timely effect service of process, the court may either dismiss the action without prejudice as to that defendant or direct such service to be effected within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service. *Id.* Absent a showing of good cause, it is within the court's

discretion whether or not to extend time or dismiss the action without prejudice. *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004).

In his findings and recommendations, Judge Nowinski discussed plaintiffs' failed attempts to effect service of process on the defendants. He found that service was ineffective as to every defendant except Drs. Buhari, Cacho, and Liem. He noted that plaintiffs did not include these defendants in the original complaint, but added them to the amended complaint, and that plaintiffs' filing of these doctors' waivers constituted compliance with Rule 4(m) because it occurred within 120 days of the filing of the amended complaint. *See* June 23, 2000, Findings and Recommendations, 4:10-24; 9:12-17.

Judge Nowinski further found that service as to the other defendants did not comply with Rule 4, and recommended dismissal on that basis. Specifically, with regard to defendants Dameron Hospital and Drs. Oshtory, Arismendi, Laviola, Grewal and Judge, the judge found that the waivers were not filed until ninety-six days after service was required to be completed. *Id.*, 4:2-24; 6:1-9:17. He further found that the plaintiffs had failed to establish good cause for their failure to comply with Rule 4(m). *Id.*, 6:18-7:4. The excuses offered by plaintiff were unavailing in light of the substantial amount of delay and evidence indicating that service could have been timely completed. *Id.* Further, because plaintiffs failed to present a non-frivolous excuse for the delay, and because defendants were not attempting to evade service of process, the judge declined to extend plaintiffs' time for service. Judge Nowinski also found that plaintiffs failed to establish good cause for their delay in serving defendants Green, Gray and Blomberg, and recommended dismissal of these defendants as well. *Id.*, 10:1-13.

Because of the intervening discovery that plaintiffs had filed a bankruptcy petition and the resultant automatic stay, these findings and recommendations were not presented to or adopted by the previously assigned district judge. Thus, the findings and recommendations did not constitute a final order on the previously considered motions. However, after careful consideration of the motions the court finds no reason to modify those findings and

6

recommendations and hereby adopts the analysis and conclusions set forth therein. Accordingly, the court recommends that all defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) be granted, except as to defendants Cacho, Liem, and Buhari.

### B. Deficient Rule 12(e) Affidavit, Failure to Obey Orders, Failure to Prosecute

As discussed above, the Dameron defendants previously filed motions to dismiss pursuant to Rule 12(b)(6) and 12(e). More specifically, they moved for dismissal on grounds of res judicata and statute of limitations, and in the alternative, for a more definite statement.

The Dameron defendants asserted in their motion that plaintiff was attempting to re-litigate claims and rights already decided by the San Joaquin County Superior Court. They requested that the court take judicial notice of that state court action filed by Mr. Patel against various Dameron Hospital medical staff (including several defendants named herein), in which he challenged the peer review proceedings ultimately leading to his resignation in 1995. *See* Dameron Hospital Defendants' Brief in Support of the Motions to Dismiss and for a More Definite Statement ("Dameron Brief"), 2:3-18; Request for Judicial Notice, Exh. 3. The court took judicial notice of plaintiffs' pleadings in the state court action and of the superior court's order sustaining defendants' demurrer to the first amended complaint without leave to amend. *See* June 23, 2000, Findings and Recommendations, 10:19-11:14.

The court summarized plaintiff's state court action, noting that Dr. Patel alleged that he was driven out of the San Joaquin Cardiology Medical Group by doctors who did not place him on the roster for the EKG panel and emergency room calls, instigated an unwarranted covert investigation into his cases, revoked his hospital privileges, and intimidated other doctors who intended to come to his defense. *Id*., 11:1-14. The court noted that these allegations were identical to those made in the present action, despite plaintiffs' contentions that this federal case concerned the defendants' conduct following Dr. Patel's resignation in 1995. *Id.*

The court found that the first amended complaint was too vague to determine the issues of res judicata and statute of limitations. Judge Nowinski therefore granted defendants'

7

Rule 12(e) motion as to defendants Cacho, Liem and Buhari, and deferred ruling on the Rule 12(b)(6) motion pending submission by plaintiffs of a more definite statement clarifying their allegations against Drs. Cacho, Liem, and Buhari.  *See* June 23, 2000, Findings and Recommendations, 11:18-20.

Rule 12(e) authorizes the court to order a more definite statement where the complaint is so vague and ambiguous that the responding that the party cannot reasonably prepare a response. That rule further authorizes the court "to strike a pleading or make such other order as it deems just, if a complaint 'is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,' and the judge has already issued an order for a more definite statement which order was not complied with."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal where pro se plaintiff failed to comply with order to provide a short and plain statement of his claims or to provide a more definite statement pursuant to Rule 12(e)) (quoting *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1051 (9th Cir. 1971).  "The district judge's evaluation of whether the plaintiff complied with his order 'is entitled to considerable weight.'"  *Id.*

Pursuant to the previous magistrate judge's order in this case, plaintiffs were to "allege with specificity the actions of these defendants [Cacho, Liem, and Buhari] that form the basis of plaintiffs' complaint and the approximate dates of the alleged actions and [to] demonstrate that these actions are distinct from the matters Patel alleged in his state court action."  *See* June 23, 2000, Findings and Recommendations, 11:23-26.  Judge Nowinski explicitly cautioned plaintiff that "failure to file an affidavit in accordance with [that] order *shall* result in a recommendation that plaintiffs' action be dismissed."  *Id.*, 12:2-3 (emphasis added).

While the affidavit alerted the court to the pending bankruptcy proceedings, it otherwise failed to clarify plaintiffs' claims against Cacho, Liem, and Buhari, and thus did not comply with the court's order.  Rather, the affidavit is prolix and largely unintelligible.  The dates and facts alleged by plaintiffs provide no clarification of their claims against defendants Cacho, Liem and

Buhari. Further, plaintiffs fail to distinguish how these defendants' alleged actions in this case are distinct from the matters alleged in the state court case. In this respect, the affidavit fails in every way to comply with Judge Nowinksi's order.

The affidavit fails to put defendants Cacho, Liem and Buhari fairly on notice of the claims against them. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests"). Plaintiffs have previously been afforded opportunities to cure the many deficiencies in their complaint. The circumstances here do not warrant another bite at the apple. They were given the opportunity to cure the defects in their amended complaint by filing the affidavit ordered by Judge Nowinski. However, their affidavit failed to address the matters specifically ordered by Judge Nowinski, despite his explicit warning that such failure would result in a dismissal. Based on the foregoing, the court finds that plaintiffs failed to file a Rule 12(e) affidavit sufficient to clarify their claims consistent with Judge Nowinski's order, and that the remaining defendants should therefore be dismissed.

Additionally, the court finds that this case should be dismissed for plaintiffs' failure to obey court orders and for failure to prosecute. Not only did plaintiffs fail to comply with Judge Nowinski's order regarding the Rule 12(e) affidavit, they also failed to comply with the order requiring them to notify the court of the conclusion of their bankruptcy proceedings within in ten days of that event. *See* September 13, 2001, Order. The order regarding the Rule 12(e) affidavit cautioned plaintiffs that failure to comply with it would result in a recommendation of dismissal. Likewise, the order requiring plaintiffs to notify the court of the conclusion of the bankruptcy proceedings cautioned plaintiffs that failure to obey could result in dismissal of the action for failure to prosecute.

Rather than timely notify the court of the conclusion of the bankruptcy proceedings in 2006, plaintiffs waited for more than a year before taking any action in this case. When

9

questioned at the hearing, plaintiffs were unable to provide any explanation for this unreasonable delay. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant"); Fed. R. Civ. P. 41(b).

Not only have plaintiffs admitted to unreasonable delay in prosecuting this action, they have repeatedly failed to comply with court orders. They have been cautioned on more than one occasion that such failure would result in a recommendation that this action be dismissed. These failures warrant dismissal as to defendants Liem, Cacho and Buhari, and of the action in its entirety. *See* Fed. R. Civ. P. 16 (f)(I)(C); Local Rule 11-110 (authorizing dismissal for failure to obey court orders or abide by applicable rules).

### III. CONCLUSION

In accordance with the foregoing, IT IS RECOMMENDED that:

1. The Rule 12(b)(5) motions to dismiss filed by the Dameron defendants and defendants Gray, Green and Blomberg, be granted except as to defendants Liem, Buhari, and Cacho;

2. The remaining defendants be dismissed pursuant to Rule 12(e) for plaintiffs' failure to submit a clarifying affidavit that complied with the court's order, and based on plaintiffs' failure to prosecute;

3. That the entire action be dismissed without further leave to amend for plaintiffs' failure to comply with court orders and for to failure prosecute, *see* Local Rule 11-110; Fed. R. Civ. P. 41(b); and,

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

1  shall be served and filed within ten (10) days after service of the objections.  The parties are
2  advised that failure to file objections within the specified time may waive the right to appeal the
3  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
4  951 F.2d 1153, 1157 (9th Cir. 1991).
5  DATED:  April 22, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11